# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

David Louis Colson,

       Petitioner,

v.

Charles L Ryan, et al.,

       Respondents.

No. CV-17-01207-PHX-DGC (BSB)

**REPORT AND RECOMMENDATION**

On April 24, 2017, Petitioner David Louis Colson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 5.)  On June 1, 2017, the Court dismissed the Petition with leave to amend. (Doc. 8.)  On June 15, 2017, Petitioner filed a First Amended Petition, which the Court dismissed with leave to amend. (Docs. 9, 10.)  On July 6, 2017, Petitioner filed a Second Amended Petition and a separate "statement of the case." (Docs. 11, 12.)  On July 17, 2017, the Court directed Respondents to answer portions of Grounds One, Three, and Five, and to answer Grounds Six, Seven, and Ten. (Doc. 13 at 6, 8.)  The Court dismissed Petitioner's remaining claims. (*Id*. at 6, 8.)  Respondents filed an answer asserting that the Second Amended Petition is untimely and, alternatively, that Petitioner's claims are procedurally barred from federal habeas corpus review. (Doc. 22.)  Respondents also filed a motion to dismiss based on Petitioner's alleged false statements in a filing entitled "stipulations and admissions."[1]  (Doc. 35.)

---

[1] The Court struck Petitioner's "stipulations and admissions." (Doc. 36 (striking Doc. 33).)

Petitioner filed a reply in support of his Second Amended Petition and a response to the motion to dismiss.[2]  (Docs. 28, 38.)  As set forth below, the Court recommends that the Second Amended Petition be denied, and that the motion to dismiss be denied as moot.

## I.     Factual and Procedural Background

### A.     Guilty Plea and Sentencing

On February 7, 2013, Petitioner pleaded guilty in the Maricopa County Superior Court to one count of sexual conduct with a minor (Count One), and two counts of attempted child molestation (Counts Two and Three).  (Doc. 22, Ex. A.)  On May 8, 2013, the trial court sentenced Petitioner to twenty-seven years' imprisonment on Count One.  (Doc. 22, Ex. C.)  The court suspended the imposition of sentence on Counts Two and Three, and placed Petitioner on lifetime probation upon his physical release from custody.  (*Id*.)

### B.     Rule 32 Of-Right Proceeding

On July 8, 2013, Petitioner filed a notice of post-conviction relief in the trial court to commence an "of-right" proceeding under Rule 32 of the Arizona Rules of Criminal Procedure 32.[3]  (Doc. 22, Ex. D.)  On March 11, 2014, appointed counsel filed a notice advising the court that, after reviewing the record, counsel could find no colorable claim for relief. (Doc. 22, Ex. E.)  Petitioner then filed a *pro se* petition.  (Doc. 22, Ex. A.)  On March 7, 2016, the court found that Petitioner had failed to raise a colorable claim for relief, and denied the petition.  (*Id*.)  The record before the Court indicates that Petitioner did not seek review in the Arizona Court of Appeals.  (Doc. 22 at 6; Doc. 28 at 10.)

---

[2]  In his reply, Petitioner argues that Respondents' answer does not respond to his claims.  (Doc. 28 at 9.)  The Court, however, permitted Respondents to file an answer limited to affirmative defenses.  (Doc. 13.)  Therefore, Respondents' answer complies with the Court's order.  (*Id*.)

[3]  Because Petitioner pleaded guilty, his only avenue of direct review was a Rule 32 "of-right" proceeding.  *See* Ariz. Rev. Stat. § 13-4033(B) ("[I]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement . . . ."); Ariz. R. Crim. P. 32.1 ("[a]ny person who pled guilty or no contest . . . shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding").

### C.    Other Post-Conviction Proceedings

On May 10, 2016, Petition filed a petition for post-conviction relief, which the trial court treated as a notice of post-conviction relief under Rule 32.  (Doc. 22, Ex. F.) On September 13, 2016, the court dismissed the notice as untimely and successive.  (*Id*.)

On April 24 and May 9, 2017, respectively, Petitioner filed a "petition for writ of habeas corpus" and a "notice of stipulated facts" in the trial court.  (Doc. 22, Ex. G.)  The court treated the filings as a single notice of post-conviction relief under Rule 32.  (*Id*.) On May 30, 2017, the court dismissed the notice as untimely and successive.  (*Id*.)

In June 2017, Petitioner filed a "supplemental petition for writ of habeas corpus," and a request for preparation of the post-conviction record in the trial court.  (Doc. 22, Ex. H.)  The court treated the filings as a single notice of post-conviction relief.  (*Id*.)  On July 28, 2017, the court dismissed the notice as untimely and successive.

### D.    Federal Petition for Writ of Habeas Corpus

On July 6, 2017, Petitioner filed a Second Amended Petition for Writ of Habeas Corpus, and a separate "statement of the case," in this Court.  (Docs. 11, 12.)  Petitioner raises several claims for relief.  (*See* Docs. 11, 12, 13.)  As set forth below, the Court recommends that the Second Amended Petition be dismissed as untimely.

## II.    Statute of Limitations

### A.    Commencement of the Limitations Period

The AEDPA provides a one-year statute of limitations for a state prisoner to file a petition for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).  The limitations period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4]  Therefore, to assess the timeliness of the Second Amended Petition, the Court determines the date on which Petitioner's convictions became "final by the conclusion of direct review."  28 U.S.C. § 2244(d)(1)(A).  By pleading guilty,

---

[4]  The statute of limitations commences on the latest of the dates determined by applying §§ 2244(d)(1)(A) through (D).  *See* 28 U.S.C. §§ 2244(d)(1)(A)-(D).  Petitioner does not make any allegations indicating that subsections (B), (C), or (D) should apply.

Petitioner was precluded from pursuing a direct appeal in the Arizona Court of Appeals. *See* Ariz. Rev. Stat. § 13-4033(B).   Rather, Petitioner could seek review of his convictions and sentences in an "of-right" proceeding pursuant to Rule 32, which is the functional equivalent of a direct appeal. *See* Ariz. R. Crim. P. 32.1 and 32.4.; *Summers v. Schriro*, 481 F.3d 710, 715-16 (9th Cir. 2007) (noting that Arizona courts consider Rule 32 of-right proceedings a form of direct review).

Petitioner pleaded guilty and was sentenced on May 3, 2013.  (Doc. 22, Ex. C.) On July 8, 2013, he sought review in a Rule 32 of-right proceeding.  (Doc. 22, Ex. D.) On March 7, 2016, the trial court denied relief.  (Doc. 22, Ex. A.)  Petitioner did not seek review in the Arizona Court of Appeals.  Therefore, Petitioner's convictions became final on April 6, 2016, when the time for filing a petition for review in the Arizona Court of Appeals expired.  *See* Ariz. R. Crim. P. 32.9(c); *see also Summers*, 481 F.3d at 711; *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (for purposes of § 2244(d)(1)(A) direct review is final upon conclusion of direct review or the time to seek such review).  Therefore, the one-year limitations period commenced the next day, April 7, 2016, and expired one year later, on April 7, 2017.  *See Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Petitioner did not file his Second Amended Petition until July 7, 2017.  However, this was Petitioner's third attempt at filing a habeas corpus petition.  Petitioner previously filed petitions on April 24 and June 15, 2017.  (Docs. 1, 9.)  Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amended habeas petition may relate back to the date when the original petition was filed. *See Mayle v. Felix*, 545 U.S. 644, 659 (2005) (noting that Rule 15(c) applies to habeas petitions).  An amended petition may "relate back" to an earlier filed petition for statute of limitations purposes if the petition shares a "common core of operative facts" that unite the original and newly asserted claims. *Jackson v. Roe*, 425 F.3d 654, 660 n.8 (9th Cir. 2005).  An amended petition does not relate back when it asserts a new ground for relief supported by facts that differ in both "time and type" from

those set forth in the original pleading. *Felix*, 545 U.S. at 659; *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013) (noting that the "time and type" language in *Felix* refers to the facts supporting habeas claims). "The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim." *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010). If a new claim merely clarifies a claim or theory that was included in the original petition, the new claim may relate back to the date of the original petition and avoid a time bar. *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001).

Here, the Petition and the First Amended Petition were dismissed without prejudice for failing to comply with the Local Rules of Civil Procedure and for failing to specifically set forth any grounds for relief. (Docs. 8, 10.) The Court noted that the petitions themselves did not include any particular claims for relief. (*Id.*) The Ninth Circuit has held that "the relation back doctrine does not apply where the previous habeas petition was dismissed because there is nothing to which the new petition could relate back." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (citing *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 2006)); *see also Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) ("[T]he 'relation back' doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back.") (citation omitted).

Because the earlier filed petitions did not include any particular claims and were dismissed, the Second Amended Petition does not relate back to either of these filings. Moreover, even if the relation back doctrine applied, the Second Amended Petition would still be time barred because the earliest filed petition was filed on April 24, 2017, after the limitations period had expired. (Doc. 1 (the petition bears an electronic file stamp of April 24, 2017, and does not include the date on which it was signed).) Therefore, the Second Amended Petition is untimely unless statutory or equitable tolling applies.

///

///

- 5 -

### B.   Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in state court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").

After the conclusion of his Rule 32 of-right proceeding, Petitioner commenced three post-conviction proceedings in the state court.  *See* Section I.C.  The state court dismissed those notices of post-conviction relief as untimely.  (Doc. 22, Exs. F, G, H.)  Because the applications for post-conviction relief were untimely under Arizona law, they were not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2) and, therefore, they did not toll the limitations period.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that time limits are filing conditions and concluding that "[b]ecause the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he [was] not entitled to statutory tolling under § 2244(d)(2).").

### C.   Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace,* 544 U.S. at 418.  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."  *Holland*, 560 U.S. at 653 (internal citations and quotations omitted).  Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'"  *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted).  Petitioner does not specifically argue that

equitable tolling applies. (Docs. 11, 12, 28.) Instead, Petitioner asserts, without explanation, that failure to consider his claims will result in a fundamental miscarriage of justice. (Doc. 28 at 11.) However, this conclusory allegation is insufficient to establish that equitable tolling is warranted. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013) (holding that the actual innocence/fundamental miscarriage of justice exception applies to the AEDPA statute of limitations).

Petitioner's lack of legal knowledge and legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir. 1999)). Petitioner's ignorance of the law and indigent status do not distinguish him from the great majority of inmates pursuing habeas corpus relief. Such circumstances are not extraordinary and do not justify tolling the limitations period. "If limited resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not complying with the limitation period, the AEDPA's limitation period would be meaningless since virtually all incarcerated prisoners have these same problems in common." *Bolanos v. Kirkland*, 2008 WL 928252, at *4 (E.D. Cal. Apr. 4, 2008); *see also Rasberry*, 448 F.3d at 1154 (affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims, nor petitioner's inability to correctly calculate the limitations period, were extraordinary circumstances warranting equitable tolling).

### III.    Conclusion

The Court concludes that the Second Amended Petition is untimely and recommends that it be denied on that basis. Therefore, the Court does not consider Respondents' alternative arguments for denying relief. Because the Court recommends that the Second Amended Petition be denied, the Court recommends that the motion to dismiss be denied as moot.

Accordingly,

**IT IS RECOMMENDED** that the Second Amended Petition (Doc. 11) be **DENIED** as untimely, and that the motion to dismiss (Doc. 35) be denied as moot.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Second Amended Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have **fourteen days** from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 27th day of February, 2018.

Bridget S. Bade
United States Magistrate Judge