**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Louis Colson, | No. CV-17-01207-PHX-DGC (BSB) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, Director of Arizona Department of Corrections; and the Attorney General of the State of Arizona, | |
| Respondents. | |

In February 2013, Petitioner pled guilty in state court to one count of sexual conduct with a minor and two counts of attempted child molestation. Doc. 22-1 at 12-15. He presently is confined in state prison serving a 27-year sentence. *Id.* at 18-24. He filed a petition for writ of habeas corpus on April 24, 2017. Doc. 1. His second amended petition asserts multiple grounds for relief based on allegations that the state court lacked jurisdiction and he was denied the right to counsel. Docs. 11, 28.

Magistrate Judge Bridget S. Bade has issued a Report and Recommendation (R&R) that the petition be denied as untimely. Doc. 40. Petitioner has filed objections to the R&R, to which the State has responded. Docs. 41, 42. The Court will overrule the objections and accept Judge Bade's recommendation.

## I. Statute of Limitations.

Petitions for habeas corpus are governed by the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 et seq. The AEDPA establishes a one-year statute of limitations for habeas petitions filed by state prisoners. § 2244(d)(1). The limitation period generally begins to run when the state conviction becomes final by the expiration or conclusion of direct review. § 2244(d)(1)(A). Statutory tolling is available for the time during which a properly filed application for post-conviction relief is pending. § 2244(d)(2). For equitable tolling to apply, the petitioner "must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

## II.    The R&R and Petitioner's Objections.

Judge Bade found that the AEDPA's one-year limitation period began to run on April 7, 2016, after conclusion of Petitioner's post-conviction relief proceedings. Doc. 40 at 4. Judge Bade further found that Petitioner's habeas petitions are time barred because they were filed after expiration of the limitation period on April 7, 2017. *Id.* at 5. Judge Bade concluded that Petitioner is not entitled to statutory tolling because his applications for post-conviction relief were untimely and therefore not "properly filed" for purposes of § 2244(d)(2), and Petitioner is not entitled to equitable tolling because he has shown no extraordinary circumstances. *Id.* at 6-7.

Petitioner does not specifically object to Judge Bade's findings that the limitation period began to run on April 7, 2016, and expired one year later before Petitioner sought federal habeas relief. Rather, Petitioner challenges the AEDPA's applicability to this case and contends that his habeas petition "may be brought <u>at any time</u>." Doc. 41 at 2 (emphasis in original). The Court will review this argument de novo, and adopt without further discussion the portions of the R&R to which Petitioner does not specifically object. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## III.    Discussion.

Petitioner contends that he may file his habeas petition at any time because no

criminal case was properly brought against him under Arizona's Constitution. Doc. 41 at 2. This contention rests on Petitioner's belief that the State of Arizona was not properly listed as a party in the indictment. Plaintiff claims that "to properly bring criminal cases under Arizona's Constitution the party plaintiff of record must be 'The State of Arizona' [and the] superior court has no jurisdiction over cases not brought under Arizona's Constitution in which "STATE OF ARIZONA" is a party[.]" *Id.* (citations and emphases omitted). Petitioner asserts that because "The State of Arizona" does not appear as the plaintiff of record, "the superior court had no jurisdiction of the cause [and the] AEDPA . . . [is] not applicable." *Id.*

As previously noted, these assertions are frivolous. Doc. 13 at 6. "[T]he use of capital letters in the caption of an indictment is irrelevant to the issue of subject matter jurisdiction." *United States v. Mitchell*, 405 F. Supp. 2d 602, 604 (D. Md. 2005). "'It makes no sense to rest a jurisdictional distinction upon the use of all upper case letters or a mixture of upper and lower case letters. The federal courts abandoned this level of formalism long ago.'" *Id.* (citation omitted).

Citing Article III of the United States Constitution, Petitioner asserts that his criminal case was within the original jurisdiction of the United States Supreme Court because the State of Arizona is a party to the case. Doc. 41 at 5-6. But nothing in Article III strips Arizona courts of their jurisdiction over state law criminal cases. Moreover, insofar as Petitioner "challenges whether the Arizona Constitution and statutes properly assign jurisdiction to hear criminal cases to the superior court, he has not shown a violation of *federal* law." *Lopez v. Ryan*, No. CV-11-1755-PHX-GMS (LOA), 2013 WL 3967617, at *3 (D. Ariz. Aug. 2, 2013) (emphasis in original).

Petitioner cites *Ex Parte Siebold*, 100 U.S. 371 (1879), for the proposition that federal courts may exercise appellate jurisdiction by habeas corpus directly. *Id.* at 7. *Seibold*, however, "was decided long before any statute of limitations was enacted as to habeas corpus actions and [does not deal] with delay in seeking a writ." *Forney v. Warden, Lebanon Corr. Inst.*, No. 3:08-cv188, 2009 WL 47014, at *4 (S.D. Ohio Jan. 6,

2009).

Finally, Petitioner challenges certain purported "findings" by Judge Bade: "(1) that a criminal case was lawfully brought under the provisions of Arizona's Constitution 'in the Maricopa County Superior Court'; (2) that 'the Arizona Rules of Criminal Procedure' are applicable; [and] (3) that Petitioner had constitutionally 'appointed counsel' post-conviction[.]" Doc. 41 at 2. Judge Bade made no such findings in the R&R. Rather, in setting forth the factual and procedural background, Judge Bade simply noted that Petitioner pled guilty in superior court, that he sought post-conviction relief under Rule 32, and that his appointed counsel found no colorable claim for relief. Doc. 40 at 2. To the extent Petitioner objects to the background section of the R&R on the ground that the superior court lacked jurisdiction over his criminal case, the objection is overruled for reasons set forth above.

In summary, the habeas petitions are untimely because Petitioner filed them after the limitation period expired and has not shown an entitlement to statutory or equitable tolling. The Court will accept the R&R and deny habeas relief.

**IT IS ORDERED:**

1. Magistrate Judge Bridget S. Bade's R&R (Doc. 40) is **accepted**.

2. The second amended petition for writ of habeas corpus (Doc. 11) is **denied** with prejudice.

3. A certificate of appealability is **denied**.

4. The motion to dismiss for fraud (Doc. 35) is **denied** as moot.

5. The Clerk is directed to **terminate** this action.

Dated this 13th day of April, 2018.

David G. Campbell
United States District Judge

- 4 -